## STEWART v. LATTNER.

(Court of Civil Appeals of Texas.    Austin. Dec. 13, 1911.)

1. USURY (§ 142*)—PENALTY—ACTION—BURDEN OF PROOF.

In an action to recover a penalty for taking usury, the burden was on plaintiff to prove that defendant collected usurious interest.

[Ed. Note.—For other cases, see Usury, Dec. Dig. § 142.*]

2. USURY (§ 138*)—CONTRACT—PENALTY.

If a contract is usurious on its face, then any amount of interest collected constitutes usury, and the defendant is entitled to recover double the amount so collected as interest.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 424; Dec. Dig. § 138.*]

3. USURY (§ 137*)—CONTRACT—CONSTRUCTION—ACTION FOR PENALTY.

A contract provided that defendant had leased from plaintiff certain goods valued at $2,651.95, for which defendant agreed to pay as rental $250, with 10 per cent. interest per month in advance, with the understanding that when he had fully paid rent amounting to the value of the goods they should become his property. Plaintiff having paid the entire amount, together with $225.23 interest, sought to recover double that amount as a penalty for usury, and defendant filed a general denial and a cross-action, seeking to recover an alleged balance of $19.21. Held, that the contract was uncertain as to whether plaintiff was bound to pay 10 per cent. per annum on the whole amount, or whether he was only required to pay interest on the monthly installments of $250; and hence plaintiff could not recover a penalty for alleged usury, nor could defendant recover the alleged balance under his cross-action.

[Ed. Note.—For other cases, see Usury, Dec. Dig. § 137.*]

Error from Palo Pinto County Court; J. C. Houts, Judge.

Action by C. J. Stewart against B. H. Lattner. Judgment for defendant on counterclaim on a cross-action, and plaintiff brings error. Affirmed in part, and reversed and rendered in part.

See, also, 53 Tex. Civ. App. 330, 116 S. W. 860.

William H. Clark, for plaintiff in error. J. T. Ranspot and Penix & Eberhart, for defendant in error.

RICE, J.    Plaintiff in error brought this suit against defendant in error to recover the sum of $450.46 as a penalty, based on the theory that defendant in error had collected from him on the contract hereinafter mentioned the sum of $225.23 as usury.

After a general denial, and other pleas unnecessary to mention, defendant in error, by way of cross-action, sought to recover a balance, claimed to be due him by plaintiff in error on said contract, of $19.21. The contract referred to, and which was the basis of the suit, is as follows, to wit: "Mineral Wells, Texas, June 1, 1905. This indenture witnesseth: That I, C. J. Stewart, have this day rented and received from B. H. Lattner, in good order and condition, goods as noted herein, valued at $2,651.95, for the use of which I hereby agree to pay a rental of $250, with ten per cent. interest every month, in advance, making this date the first payment of $200, with the understanding that when I have fully paid rent amounting to the value of the goods as above given the said goods shall become my property. I have read the above and made no agreement contrary to its conditions. The above to remain the property of B. H. Lattner, and no title thereto acquired or vested in me until this obligation is fully complied with on my part; and in the event of failure to meet promptly any of said payments, I agree on demand to surrender said articles to B. H. Lattner without process of law, and said B. H. Lattner is authorized to enter my premises by his attorney, executor, administrator or agent to remove the same and retain the sums already paid as rent for hire for the use of said goods in my possession. And I also agree not to remove said goods from the premises I now occupy, or part with the possession thereof, without first obtaining the written consent of said B. H. Lattner. Please read agreement before signing. [Signed] C. J. Stewart."

Plaintiff in error, having finally paid the entire amount evidenced by said contract, together with $225.23 as interest thereon, sought to recover double the amount of said interest as usury.

There was a jury trial, in which the court directed the jury as follows: "The undisputed evidence in this case fails to show a usurious contract, or that the defendant collected usurious interest from the plaintiff, and the uncontroverted evidence shows that the plaintiff is indebted to defendant, as a balance due on the contract in evidence, in the sum of $13.40. Therefore you are instructed to find for the defendant on his cross-action for said sum." The verdict and judgment was in accordance with said instruction, from which this appeal is prosecuted.

[1-3] Numerous errors assailing the judgment are assigned, but which, on account of the view we have taken of this case, it will be unnecessary to consider. It devolved upon plaintiff to show, before he was enti-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tled to recover, that defendant in error had collected usurious interest. The authorities seem to be clear that, if the contract on its face is usurious, then any amount of interest collected would be usury, and the defendant would be entitled to recover, as penalty, double the amount so collected thereon as interest. We are of opinion that the contract sued on is ambiguous. Taking the whole contract together, it is uncertain whether it bound plaintiff in error to pay 10 per cent. interest per annum on the whole amount, or whether it was intended that he should pay 10 per cent. interest per month upon the entire purchase price. We think it uncertain whether it binds him only to pay 10 per cent. interest on the monthly installments of $250, instead of 10 per cent. on the whole amount of the indebtedness. If it could be construed to mean that plaintiff is bound thereby to pay 10 per cent. on the monthly installments of $250, it would not be usurious; nor would it be usurious if the words in the sentence could be so transposed as to read, "to pay a rental of $250 every month in advance with ten per cent. interest"; and this being an effort to recover a penalty, a liberal construction should be given in favor of the validity of the contract. But, at any rate, we are inclined to think the matter is left in such doubt and uncertainty as to constitute a patent ambiguity upon the face of the instrument, for which reason we think the court properly directed a verdict in behalf of defendant in error. But, for a like reason, we think the court erred in directing a recovery in favor of defendant in error on his cross-action. If the instrument, as we believe, is ambiguous as to the rate of interest to be charged thereon, then neither party could recover under their pleadings. For which reason the judgment of the court below, directing a recovery against plaintiff in error for the sum of $13.-40, is reversed and rendered in behalf of plaintiff in error; but the judgment in all other respects is affirmed. Costs of the appeal, however, to be taxed against defendant in error.

Affirmed in part, and reversed and rendered in part.